UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANARI AIKEN, | 1:18-cv-06078(ARR)(VMS) |
| Plaintiff, | |
| -against- | **AMENDED COMPLAINT** |
| THE CITY OF NEW YORK, P.O. STEPHEN BAROUNIS and SGT. MICHAEL HASSON, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## PRELIMIARY STATEMENT

1. This is a civil rights action in which Plaintiff, DANARI AIKEN seeks damages for personal injuries sustained as a result of the defendants' violation of his rights as secured by 42 U.S.C. §§1983, 1985 and 1986, and by the Fourth Amendment, Fifth Amendment, Equal Protection and Due Process Clauses of the Fourteenth Amendment of the United States Constitution, and for rights secured under the laws and Constitution of the State of New York. Plaintiff also sues in traditional tort pursuant to pendent State claims. Plaintiff was deprived of his constitutional and common law rights when the individual defendants unlawfully confined plaintiff, and caused the unjustifiable arrest and prosecution of plaintiff. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, and award of costs and attorney's fees and such other and further relief as this Court deems equitable and just.

THE RAMBADADT LAW OFFICE

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343, 1343(a)(3) and (4), this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights. The amount of damages in controversy is in excess of fifty thousand dollars ($50,000.00), exclusive of interests and costs.

3. Any claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy. Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a) and arises under the doctrine of pendent jurisdiction.

5. The Plaintiff respectfully demands a trial by jury on each and every one of the claims as pleaded herein.

## VENUE

6. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(a), (b) and (c) and §1402 (b) because the claims arose in this district.

## PARTIES

7. Plaintiff, DANARI AIKIEN, is a citizen of the United States and at all times relevant hereto, a resident of the State of New York, City of New York, County of Kings.

8. Upon information and belief, at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, ("CITY"), was and is a municipal corporation duly organized and existing under the laws of the State of New York.

9. At all times hereinafter mentioned, Defendant CITY is a municipal entity authorized under the laws of the State of New York to operate and maintain the NEW YORK CITY POLICE DEPARTMENT ("NYPD"), inter alia, which acts as its agents in the area of law enforcement, custodial care and management of criminal offenders, and for whose actions, and the actions of individual police officers employed thereby, defendant CITY was and is ultimately responsible.

10. At all times hereinafter mentioned, Defendant CITY operated, maintained and controlled the NYPD, including all police officers therein and assumed the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the consumers of the services provided be the NYPD.

11. Upon information and belief, at all times hereinafter mentioned, Defendant P.O. STEPHEN BAROUNIS, (hereinafter "BAROUNIS") was employed as a Police Officer by defendant CITY, assigned to the 75th Pct., and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the constitutional rights of arrestees. Defendant BAROUNIS is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

12. Upon information and belief, at all times hereinafter mentioned, Defendant SGT. MICHAEL HASSON (hereinafter "HASSON"), was employed as a Police Officer by defendant CITY, assigned to the NYPD, and as such had a first line responsibility for taking appropriate measures to ensure that proper procedure was followed on all arrest and preserve the

constitutional rights of arrestees. Defendant HASSON is sued both in his individual and official capacity. At all times hereinafter mentioned, defendant was acting within the scope of his employment with the NYPD.

13. Upon information and belief, at all times hereinafter mentioned, Defendant CITY was authorized by New York City Charter and the New York State Constitution to operate and maintain the OFFICE OF THE KINGSS COUNTY DISTRICT ATTORNEY ("KCDA"), which inter alia, acts to protect the public by investigating and prosecuting criminal conduct in Queens County by enforcing provisions of the penal law and other statutes by preparing information and gathering resources for court hearings and presentations at trial. As Defendant CITY's agent in the area of criminal prosecution and enforcement of the New York Penal Code and Constitution, and for whose actions, and the actions of individual Assistant District Attorneys employed thereby, Defendant CITY was and is ultimately responsible.

14. Upon information and belief, at all times hereinafter mentioned Defendant CITY by charter operated and maintained the KCDA, including all Assistant District Attorneys (ADA) therein.

15. Upon information and belief, at all times hereinafter mentioned, Assistant District Attorneys are employed by defendant KCDA, and as such have a first line responsibility for taking appropriate measures to ensure that proper procedure was followed in accordance with New York penal law and preserve the constitutional rights of arrestees. At all times hereinafter mentioned, Assistant District Attorneys were acting within the scope of their employment with the KCDA.

16. At all times relevant herein, each and every individual defendant herein was acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City of New York, at all times relevant herein with the

power and authority vested in them as officers, agents and employees of the City of New York, and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF THE FACTS

17. On or about September 4, 2017, DANARI AIKEN was returning from visiting his brother at the hospital, his brother had been shot earlier in the day. Mr. Aiken was driving a 2010 Ford Fusion[1] and traveling with his friend Rahmel Wilder and a second passenger who's girlfriend owned the vehicle. Mr. Aiken was in the driver's seat, Mr. Wilder was in the front passenger's seat and the second passenger was in the backseat.

18. At approximately 10:20pm, after dropping off the second passenger and leaving a Dunkin Donuts, Mr. Aiken and his passenger Mr. Wilder were heading back to return the vehicle traveling at the legal speed limit and with their headlights on, when they saw flashing police lights behind them and they were instructed to pull over.

19. They were stopped by defendants P.O. BAROUNIS and SGT. HASSON who claimed that the vehicle was traveling at a high rate of speed and the headlights were off[2].

20. Defendant BAROUNIS and SGT. HASSON allegedly approached the 2010 Ford Fusion, which allegedly had its windows open, and viewed Mr. Aiken in the driver's seat, Mr. Wilder in the front passenger seat, and allegedly in the backseat in plain view a gun.

21. Both Mr. Aiken and Mr. Wilder stated that it did not belong to them.

22. Both Mr. Aiken and Mr. Wilder were placed under arrest and charged with Possession of a Weapon.

---

[1] The 2010 Ford Fusion was equipped with Daytime Running Lights (DRL) that were engaged and operational on the date and time at issue.
[2] It was later learned that the NYPD Shot Spotter indicated that shots were fired at 91 Eldert Lane, approximately 1 mile from where plaintiff was stopped, however, Plaintiff was travel from the opposite direction of where the shots were fired, i.e., towards the location of where the shots were fired.

23. Both Mr. Aiken and Mr. Wilder professed their innocence and never having seen the gun before; yet they were placed under arrest.

24. The plead not guilty at arraignment and their matter was scheduled for the Grand Jury.

25. Both were incarcerated and although bail was set they were both subject to a parole hold and would not be released pending a parole determination.

26. At the Grand Jury it was learned that both Mr. Aiken and Mr. Wilder had previous convictions.

27. Mr. Aiken was previously convicted upon a plea of guilty to 'Attempted Criminal Possession of a Weapon in the 2nd Degree' on February 11, 2015, at the time he was out on parole.

28. Mr. Wilder was previously convicted upon a plea of guilty to 'Criminal Possession of a Weapon in the 2nd Degree' on August 8, 2013, at the time he was out on parole.

29. It was confirmed that the vehicle did not belong to either Mr. Aiken or Mr. Wilder.

30. The Grand Jury dismissed Mr. Wilder's case; and Mr. Aiken was indicted on five (5) counts[3]. First count: Criminal Possession of a Weapon in the 2nd Degree (PL 265.03 [3]); Second count: Criminal Possession of a Weapon in the 3rd Degree (PL 265.02[1]); Third count: Criminal Possession of a Firearm (PL 265.01-b[1]); Fourth count: Criminal Possession of a Weapon in the Fourth Degree (PL 265.01[1]); and Fifth count: Operating a Motor Vehicle with defective headlamps[4].

---

[3] The exception to the presumption of 'constructive possession" of a weapon in a vehicle is the proof of ownership of the weapon to one of the occupants or a third party who is not in the vehicle.

[4] It should be noted, a vehicle inspection was never performed while it was impounded; however, the electrical system and headlights were working, fully functioning and in use when the vehicle was pulled over.

31.  While incarcerated a DNA swab was taken from Mr. Aiken and it was confirmed that his DNA was eliminated and not present on the weapon; however, even with this discovery he was not released.

32.  On April 20, 2018, after seven (7) months and seventeen (17) days incarcerated on Riker's Island, suppression hearings[5] were scheduled to be held. On that date all charges under indictment No. 07111-2017 were dismissed as the District Attorney's Office did not have confidence in the testimony of the arresting officer, defendant BAROUNIS.

33.  The arrest and detention of plaintiff AIKEN was made without proper cause or justification and in violation of proper process and procedures of NYPD officers.

34.  The false arrest, false imprisonment, malicious prosecution and civil rights violations of plaintiff by defendants caused him to sustain personal, psychological and emotional trauma[6].

35.  A Notice of Claim was served on the City of New York and at least thirty (30) days have elapsed since the service of such notice and no adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violations of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

36.  Plaintiff repeats the allegations made in paragraphs 1-35 and incorporate those allegations by reference with the same force and effect as if herein set forth.

37.  At all times relevant herein, the conduct of all defendants was subject to 42 U.S.C. §§1983, 1985, 1986, 1988 and New York State Constitution.

---

[5] Suppression hearings were to be held pursuant to Mapp, Huntley, Ingle and Dunaway.

38. The conduct of defendants BAROUNIS and HASSON, on or about September 4, 2017, acting under color of state law, jointly and severally, in collusion with each other to cause, in failing to prevent others from causing, and in unlawfully arresting and causing Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an illegal seizure under the Fourth Amendment of the Constitution of the United States and to free of a deprivation of liberty under the Fourteenth Amendment of the Constitution of the United States, did undertake with deliberate indifference, intentionally, maliciously and/or with reckless disregard for the natural and probable cause of their acts without lawful justification, and was designed to and did cause specific and serious physical and emotional harm, pain and suffering in violation of Plaintiff's Constitutional rights.

39. WHEREFORE, on this claim Plaintiff demands compensatory damages in the amount of two million dollars ($1,000,000.00), and punitive damages in the amount of two million dollars ($2,000,000.00) and for such other and further relief deemed to be just and equitable.

## SECOND CAUSE OF ACTION

**Violation of Plaintiff's Federal and State Fourth Amendment Rights**

40. Plaintiff repeats the allegations made in paragraphs 1-39 and incorporate those allegations by reference with the same force and effect as if herein set forth.

41. The use of excessive force by defendant police officers BAROUNIS and HASSON in causing plaintiff to be handcuffed, his clothing removed and spread his butt cheeks for a cavity search, such excessive force during the arrest was an objectively unreasonable

---

[6] As a result of his confinement Danari Aiken lost his job, housing, and opportunity to take the Fire Department examination.

THE RAMBADADT LAW OFFICE

physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution and New York State Costituton.

42. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of one million five hundred thousand dollars ($1,000,000.00), and punitive damages in the amount of one million five hundred thousand dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## THIRD CAUSE OF ACTION

### Malicious Prosecution

43. Plaintiff repeats the allegations made in paragraphs 1-42 and incorporate those allegations by reference with the same force and effect as if herein set forth.

44. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff. There was actual malice and an absence of probable cause for the proceeding.

45. Defendants unlawfully **concerted, maliciously conspired, wrongly charged and maliciously prosecuted**[7] Plaintiff. Defendant CITY, through its agents, servants and employees, BAROUNIS and HASSON through a concerted effort actively organized and guided the investigation and decision of charges to be filed in the **initiation of the criminal proceedings and the unlawful and malicious prosecution**.

---

[7] Plaintiff DANARI AIKEN is claiming both federal and state malicious prosecution claims pursuant to the 4th and 14th Amendments. As federal malicious prosecution claims are governed by state law the elements of the claim will be stated as such in this complaint. *Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995)* (citing *Janetka v. Dabe, 892 F.2d 187, 189 (2d Cir. 1989).*

THE RAMBADADT LAW OFFICE

46. Defendants BAROUNIS and HASSON did knowingly and willingly conspire and agreed to conspire with each other to falsely arrest Plaintiff DANARI AIKEN without a justifiable basis.

47. Through a recognized and established practice of unscrupulously inflating charges of defendants without just cause to secure convictions defendants BAROUNIS and HASSON wrongly charged Plaintiff DANARI AIKEN with the intent to have him maliciously prosecuted.

48. The charges were not based upon probable cause, that is, the state of the facts in the mind of Defendants BAROUNIS and HASSON would not lead a man of ordinary caution and prudence to believe, or entertain an honest or strong suspicion that DANARI AIKEN was charged.

49. Defendants BAROUNIS and HASSON were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

50. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

51. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($1,000,000.00), and punitive damages in the amount of two million dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## FOURTH CAUSE OF ACTION

### False Arrest

52. Plaintiff repeats the allegations made in paragraphs 1-51 and incorporate those allegations by reference with the same force and effect as if herein set forth.

53. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff, and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

54. Defendants BAROUNIS and HASSON were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

55. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

56. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of one million dollars ($1,000,000.00), and punitive damages in the amount of one million dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

57. Plaintiff repeats the allegations made in paragraphs 1-56 and incorporate those allegations by reference with the same force and effect as if herein set forth.

58. By the actions described above, Defendant CITY through its agents and employees, Defendants BAROUNIS and HASSON committed the wrongful act of **negligent inflictions of emotional distress**, which is a tortuous act under the laws of the State of New York, by: negligently initiating a proceeding on charges that lack both cause and justification in which it was foreseeable that Mr. Aiken, would be imprisoned and confined with individuals who are of a dangerous nature, subject to their torturing and embarrassed among his peers causing him emotional harm and public humiliation.

THE RAMBADADT LAW OFFICE

59. The defendants' acts were outrageous in the extreme, beyond boundaries of decency and utterly unacceptable in a civilized society. They resulted in mental and physical injuries to the Plaintiff, the ramifications of which are still felt to the present day.

60. As a consequence of the foregoing acts, Plaintiff sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

61. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

62. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($1,000,000.00), and punitive damages in the amount of two million dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## SIXTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

63. Plaintiff repeats the allegations made in paragraphs 1-62 and incorporate those allegations by reference with the same force and effect as if herein set forth.

64. By the actions described above, Defendant CITY through its agents and employees, Defendants BAROUNIS and HASSON committed the wrongful act of **intentional infliction of emotional distress**, which is a tortuous act under the laws of the State of New York, by: stalking, following her and harassing; causing an assault; and knowingly initiating a proceeding on charges that lack both cause and justification.

65. The defendants' acts were outrageous in the extreme, beyond boundaries of decency and utterly unacceptable in a civilized society. They resulted in mental and physical injuries to the Plaintiff, the ramifications of which are still felt to the present day.

66. As a consequence of the foregoing acts, Plaintiff sustained injuries, physical, psychological, and emotional, and was otherwise damaged.

67. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

68. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($1,000,000.00), and punitive damages in the amount of two million dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

## SEVENTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

69. Plaintiff repeats the allegations made in paragraphs 1-68 and incorporate those allegations by reference with the same force and effect as if herein set forth.

70. The City of Poughkeepsie and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants BAROUNIS, DOE #1 and DOE #2 individuals who were unfit for the performance of police duties on September 6, 2014, at the aforementioned location.

71. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

72. WHEREFORE, on this claim Plaintiff demand compensatory damages in the amount of two million dollars ($1,000,000.00), and punitive damages in the amount of two million dollars ($1,000,000.00) and for such other and further relief deemed to be just and equitable.

73. WHEREFORE, on this claim Plaintiff demands that sanctions be imposed against defendants in an amount 'costly enough that it will not be undertaken' up to and including a ruling in Plaintiff's favor.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands the following relief jointly and severally against all of the Defendants:

a. Compensatory damages in the amount of $7,000,000.00.

b. Punitive damages in the amount of $7,000,000.00.

c. A court order, pursuant to 42 U.S.C. §1988, stating that the Plaintiff is entitled to the costs involved in maintaining this action, including attorney's fees.

d. For such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated: New York, New York
       May 1, 2019

_____
Robert Rambadadt, Esq.  (RR 9959)
**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiff
20 W. 20th Street, 2nd Floor
New York, New York 10011
(646) 450-8049

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK  )
COUNTY OF NEW YORK)ss.:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am member of the law firm of THE RAMBADADT LAW OFFICE, attorneys of record for the Plaintiff in the within action; I have read the foregoing;

## COMPLAINT

and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.  The reason this verification is made by me and not by petitioner is that deponent maintains offices outside the County in which petitioner resides.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:  entire file maintained in your deponent's offices; investigations, etc.

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:  New York, New York
        May 1, 2019

_____
ROBERT RAMBADADT

THE RAMBADADT LAW OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANARI AIKEN,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK, P.O. STEPHEN BAROUNIS and SGT. MICHAEL HASSON,

                            Defendants.

## COMPLAINT

**THE RAMBADADT LAW OFFICE**
Attorneys for Plaintiff
20 W. 20th Street, 2nd Floor
New York, New York 10011
(646) 450-8049

TO:

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: __05/01/2019_____       Signature: _/s/ Robert Rambadadt_____

                       Print Signer's Name: __Robert Rambadadt_____

THE RAMBADADT LAW OFFICE